**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JACKSON HOLE BANK FRAUD LITIGATION TRUST, | Case No. 2:19-cv-01054-JAD-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| GARY BARNEY, et al., | |
| Defendants. | |

### I. BACKGROUND

This matter is before the Court on Plaintiff Jackson Hole Bank Fraud Litigation Trust's failure to comply with the Court's previous Orders (ECF Nos. 11 and 27) requiring it to retain an attorney. Plaintiff's court-ordered deadline for doing so was originally set for July 12, 2019 (ECF No. 11) and then extended to July 31, 2019 (ECF No. 27). To date, Plaintiff has not complied with the Orders by retaining counsel. Instead, Plaintiff has continued to file various documents despite the fact the Court advised it that a trust cannot represent itself and must be represented by an attorney. *C.E. Pope Equity Trust v. U.S.* 818 F.2d 696, 697 (9th Cir. 1987) (stating that a non-attorney trustee cannot represent a trust); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (stating that a trust must be represented by an attorney).

Indeed, the following motions have been filed by Plaintiff while acting without counsel: Motion to Amend the Complaint (ECF No. 20), Motion for Partial Summary Judgment (ECF No. 28), Motion to Extend Time (ECF No. 35), Motion for Reconsideration (ECF No. 41), Motion for Sanctions (ECF No. 42), Motion for Default Judgment (ECF No. 43), Motion to Strike (ECF No. 53), Motion for Extension of Time (ECF No. 55), Motion to Strike (ECF No. 56), and Motion for Extension of Time (ECF No. 59).

On July 27, 2019, the Court issued an Order to Show Cause why sanctions should not be imposed against Plaintiff for failure to comply with the Court's previous Order ECF No. 11 and retain counsel. Plaintiff filed a response that indicated it filed an amended complaint on July 15, 2019 that substituted an individual, Richard Friedman, for the trust (ECF No. 20). Plaintiff contends that under Federal Rule of Civil Procedure 15(a)(1)(A) it may amend its complaint once as a matter of course within 21 days after serving it and therefore, the individual may proceed with this case pro se and is substituted in for the trust.

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Here, Defendants were served as follows: Estate of Robert Biolchini on June 24, 2019 (ECF No. 6), Charles Hingle on June 25, 2019 (ECF No. 5), Patricia E. Lane on June 26, 2019 (ECF No. 10), Bank of Jackson Hole on June 26, 2019 (ECF No. 13), Pete Lawton on June 26, 2019 (ECF No. 13), David W. Perino on June 27, 2019 (ECF No. 13), Dennis O'Malley on June 28, 2019 (ECF No. 4), John Smiley on June 28, 2019 (ECF No. 14), Colleen Lane on July 18, 2019 (ECF No. 23).[1] Plaintiff filed his amended complaint, albeit as a motion for leave to file an amended complaint, on July 15, 2019 (ECF No. 20). That was within 21 days of the first service on a defendant on June 24, 2019. As such, Plaintiff had the right to amend the complaint as a matter of course and need not have requested permission to amend. On that basis, the Court will grant the motion pursuant to Rule 15(a)(1)(a).

Plaintiff alternatively requests an extension of time for 60 days to obtain legal representation for the trust. Given that the Court finds the amended complaint is to be filed

---

[1] There does not appear to be any summons returned executed filed with the Court for Defendants Gary Barney and Lindquist & Vennum, LLP.

pursuant to Rule 15(a)(1)(a), it will deny this alternative request as the trust does not remain in the case.

Defendants filed a response to the motion to amend the complaint (ECF No. 46). They claim that Plaintiff's complaint contains numerous deficiencies that warrant complete dismissal including on subject matter jurisdiction, personal jurisdiction and claim and issue preclusion grounds. However, Defendants cite to rule 15(a)(2) as applying to the amended complaint, which requires leave of the court to file the amended complaint. They do not address the standard under Rule 15(a)(1) that grants Plaintiff leave to amend as a matter of course. Therefore, while the Court may consider Defendants' arguments on the merits at a later date if they are refiled in response to the amended complaint, they do not warrant denying Plaintiff's right to amend under Rule 15(a)(1).

Finally, Plaintiff requests an extension of time to reply to Defendants' response to his motion to amend (ECF No. 59). The Court finds no further briefing by Plaintiff is necessary on this issue as it is granting the amendment and denies that request. Plaintiff also requests that the Court strike Defendants' response brief, but fails to cite to proper points and authorities to justify the Court striking a brief as opposed to a pleading under Rule 12(f). Therefore, Plaintiff's Motion to Strike Defendants' response brief (ECF No. 56) is denied.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint (ECF No. 20) is **granted**. Plaintiff shall file and serve the amended complaint in accordance with Local Rule 15-1(b).

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time (ECF No. 35) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Response Brief (ECF No. 56) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (ECF No. 59) is **denied**.

DATED: September 3, 2019.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE