# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Richard Friedman,<br><br>    Plaintiff<br>v.<br><br>Bank of Jackson Hole, et al.,<br><br>    Defendant | Case No.: 2:19-cv-01054-JAD-DJA<br><br>**Order Denying Motions and Directing Clerk to Amend Caption to Reflect Substituted Plaintiff**<br><br>[ECF Nos. 28, 41–44, 51–53, 55, 68, 74] |

This case saw an early flurry of motions. Many were filed by Richard Friedman, purporting to act on behalf of the Jackson Hole Bank Fraud Litigation Trust. Because Friedman is not a licensed attorney, the rules of this court prohibit him from acting on behalf of that entity.[1] Friedman has cured that problem by filing his First Amended Complaint with leave of court, which now identifies himself—not the trust—as the plaintiff.[2] Because the filing of an amended complaint supersedes the original complaint and moots all motions relating to that original complaint,[3] many of the other pending motions have been mooted. Accordingly,

IT IS HEREBY ORDERED that **the following motions are DENIED** without prejudice because they were filed on behalf of the trust, which is no longer a party; or because they relate to or target the original complaint (or motions related to the original complaint) and are therefore moot:

- Motion for Partial Summary Judgment **[ECF No. 28]**;
- Motion for Reconsideration **[ECF No. 41]**;

---

[1] *Hale Joy Tr. v. Comm'r*, 57 F. App'x 323, 324 (9th Cir. 2003) ("A non-attorney trustee may not represent a trust pro se in an Article III court.").

[2] *See* ECF No. 77 (First Amended Complaint); ECF No. 72 (order granting leave to amend).

[3] *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

- Motion for Sanctions **[ECF No. 42]**;
- Motion for Default Judgment **[ECF No. 43]**;
- Motion to Dismiss (original complaint) **[ECF No. 44]**;
- Joint Motion to Stay Case (pending a decision on the motion to dismiss), or Alternative Motion for Extension of Time **[ECF Nos. 51, 52]**;
- Motion to Strike **[ECF No. 53]**;
- Motion for Extension of Time **[ECF No. 55]**;
- Motion to Extend Time **[ECF No. 68]**; and
- Motion to Dismiss **[ECF No. 74]**.

Each of these motions is denied without prejudice to the parties' ability to file appropriate, new motions to address any issues that remain despite amendment. Plaintiff is advised that, should he still desire to move to amend to drop or add any parties, Local Rule 15-1 requires him to "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading" and that proposed amended pleading "must be complete in and of itself without reference to the superseded pleading . . . ."

Plaintiff is also advised that it appears to this Court that the number of motions in this young case is quickly becoming excessive. The Court expects all parties, including those acting in a pro se capacity, to conduct themselves with appropriate decorum and to know and follow the rules of this Court.[4] Motions to strike or for sanctions are extraordinary measures that should be used sparingly. 28 U.S.C. § 1927 warns that a lawyer or pro se litigant "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

---

[4] "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The Clerk of Court is also directed to **AMEND the CAPTION and the DOCKET to reflect that the plaintiff is now Richard Friedman** and not the Jackson Hole Bank Fraud Litigation Trust.

Dated: September 11, 2019

_____
U.S. District Judge Jennifer A. Dorsey