1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RICHARD FRIEDMAN,

        Plaintiff,

   v.

BANK OF JACKSON HOLE, et al.,

        Defendants.

Case No. 2:19-cv-01054-JAD-DJA

**ORDER**

     This matter is before the Court on Defendants Bank of Jackson Hole, Estate of Robert Biolchini, Pete Lawton, and David W. Perino's Motion to Quash (ECF No. 132), Motion for Protective Order (ECF No. 133), and Motion for Sanctions (ECF No. 134), filed on April 27, 2020.  Defendants also filed a Supplement (ECF No. 137) on May 7, 2020.  Defendants Colleen Lane and Patricia E. Lane filed a Joinder (ECF No. 135) on May 4, 2020 and Supplemental Declaration (ECF No. 138) on May 19, 2020.  Pro se Plaintiff Richard Friedman filed a Response (ECF No. 140) on May 26, 2020.  Defendants' filed a Reply (ECF No. 142) on June 2, 2020.  The Court finds this matter properly resolved without a hearing.  *See* Local Rule 78-1.

    **I.**     **BACKGROUND**

     Defendants claim that Plaintiff is attempting to serve secret subpoenas, including (ECF No. 129), and discovery requests in violation of the Rules.  (ECF Nos. 132-134).  They seek to quash the served subpoena, obtain a protective order for any unserved subpoenas and other discovery, require Plaintiff to confirm that discovery was withdrawn, and court sanctions for Plaintiff's violation of the Rules.  Defendants claim that Plaintiff never initiated the Rule 26(f) conference in August 2019 so no discovery plan was filed and discovery never commenced.  Moreover, Defendants allege that Plaintiff sent blank subpoenas for the Clerk of the Court to issue, but then added 12 page subpoenas and served those without notice to any Defendants.

Defendants also note procedural defects in the Rule 45 subpoenas, beyond the fact that Defendants were not provided notice, in that they require production of documents more than 100 miles from where the subject resides or conducts business, are directed at a party in violation of Rule 45, and are objectionable in that they are unduly burdensome, seek confidential information, and are irrelevant.  Defendants Colleen and Patricia Lane were served with defective Rule 45 subpoenas despite the fact that they reside in Connecticut and South Carolina respectively and are parties to this action.  (ECF No. 135).  They also seek a protective order for the written discovery served improperly.  (ECF No. 138).  Defendants attempted to meet and confer with Plaintiff on these issues, but no agreement was reached.  Further, Plaintiff attempted to serve discovery after Defendants filed the instant motions.  (ECF No. 137).

Plaintiff filed a 122-page response in violation of the Local Rules' page limit.  (ECF No. 140).  Although his Response is largely not on point for the instant motions, Plaintiff admits that he is attempting to proceed with discovery via subpoenas and written discovery.  He also appears to be refusing to meet and confer with Defendants in good faith.

Defendants reply that Plaintiff fails to acknowledge the requirements of Rule 26(f) and Local Rule 26-1 and has violated Rule 45 in several respects by moving forward with the defective subpoenas, including without notice to Defendants.  (ECF No. 142).  Accordingly, they seek sanctions due to Plaintiff's utter disregard for the discovery rules and multiplying the proceedings unreasonably and vexatiously.

## II.    DISCUSSION

Although Plaintiff is proceeding pro se, he must still follow the same rules of procedure as other litigants.  *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972) (holding that pro se plaintiffs are held to a less stringent standard than those who are represented by counsel.); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).  There is no doubt that Plaintiff is required to initiate the Fed.R.Civ.P. 26(f) conference, meet and confer with Defendants to agree on a proposed discovery plan, and submit it for the Court's approval.  As he has not completed those steps, the discovery period has not yet commenced and no discovery may be served.

1   Indeed, as there is a pending motion to stay the case (ECF No. 81), the Court finds it unnecessary

2   to order the parties to submit a proposed discovery plan and scheduling order until that motion is

3   decided.

4           Moreover, not only did Plaintiff violate the Local Rules in exceeding the page limit by

5   filing a 122-page Response, but he fails to acknowledge his obligation to comply with the Court's

6   orders, the Federal Rules of Civil Procedure, and the Local Rules in proceeding with this case.

7   The Court finds it necessary to quash the served subpoenas and enter a protective order

8   preventing Plaintiff from serving any discovery at this point in the case and permitting any party

9   to refrain from responding to improperly served discovery. *See, e.g., Eruchalu v. U.S. Bank, Nat.*

10  *Ass'n*, 2012 WL 3762041, at *1–2 (D. Nev. Aug. 29, 2014).  In fact, the Clerk of the Court is

11  directed that no further subpoenas may be issued to Plaintiff unless he first files a motion seeking

12  Court approval and the Court issues an order granting his request.  Defendants shall not respond

13  to any written discovery improperly served by Plaintiff.

14          The Court will also require Plaintiff to notify any person or entity that he served discovery

15  on that the discovery has been withdrawn and should not be responded to by this Court's order.

16  Not only is Plaintiff not permitted to serve discovery as the discovery period has not yet

17  commenced and he has not sought Court approval to serve early discovery, but he failed to

18  comply with the requirements of the Federal Rules in serving his discovery.  For example, he

19  failed to provide proper notice to Defendants of third-party discovery under Rule 45, which is an

20  intentional safeguard to give Defendants the opportunity to object.  He also failed to comply with

21  Rule 45's limit that it is only intended for third-parties and may not be used to subpoena parties

22  named in this action.

23          Moreover, undoubtedly, Plaintiff's actions have disrupted the Court's management of its

24  docket and resulted in additional expense in the administration of this case.  He has already been

25  warned by Judge Dorsey that the "number of motions in this young case is quickly becoming

26  excessive" and he is expected to conduct himself "with appropriate decorum and to know and

27  follow the rules of this Court."  (ECF No. 78, p. 2).  His actions in serving discovery without

28  following the Rules of Civil Procedure and Local Rules are violative of that Order.  Indeed, the

1   Court is very concerned that Plaintiff would intentionally seek a subpoena from the Clerk of the

2   Court and then later change the information contained in the subpoenas after they were issued.

3   Such conduct is at the very least bad faith.

4          Defendants seek sanctions as a result of having to bring the instant motions and Plaintiff's

5   egregious abuse of the discovery process.  The Court finds that sanctions are warranted under

6   these circumstances.  Given that Plaintiff is pro se, the Court will impose a sanction of $50 for his

7   non-compliance with the Court's Order pursuant to its authority under Rule 16(f), to be paid to

8   the Clerk of the Court within 30 days.  Plaintiff must familiarize himself with the Federal Rules

9   of Civil Procedure as well as the Local Rules.  In fact, the Court expects strict compliance with all

10  Court orders, as well as the Federal and Local Rules, in the future.  **Most importantly, the Court**

11  **cautions Plaintiff that failure to comply may result in significant sanctions, up to and**

12  **including case-dispositive sanctions.**

13         **III.    CONCLUSION**

14         IT IS HEREBY ORDERED that Defendants' Motion to Quash (ECF No. 132) is **granted**.

15         IT IS FURTHER ORDERED that Defendants' Motion for Protective Order (ECF No.

16  133) is **granted** and the Clerk of the Court shall not issue any subpoenas to Plaintiff without

17  further Court order.

18         IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (ECF No. 134) is

19  **granted to the extent that Plaintiff** must pay $50 to the Clerk, U.S. District Court within 30

20  days

21         DATED: June 4, 2020.

22

23                                                  _____
                                                    DANIEL J. ALBREGTS
                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28