# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD FRIEDMAN, | Case No. 2:19-cv-01054-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| BANK OF JACKSON HOLE, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Strike (ECF No. 144), filed on June 4, 2020. Defendants filed a Response (ECF No. 145) on June 12, 2020. Plaintiff filed a Reply (ECF No. 146) on June 19, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

In the instant motion, Plaintiff seeks to strike Defendants Reply brief (ECF No. 142) to the three motions Defendants filed and the Court already ruled on in Order ECF No. 143. Indeed, the Court's Order ECF No. 143 was filed prior to Plaintiff's Motion to Strike was docketed. As such, Plaintiff's request is moot given those motions are no longer pending and he should have been on notice of the Court's Order and refrained from filing the instant Motion.

Moreover, Plaintiff's request is procedurally improper. Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' Reply brief (ECF No. 142) is permitted by the Local Rules, but also, it is not a pleading subject to being stricken under Rule 12. The Court does not find that Plaintiff's Motion is a request for reconsideration as he has not cited the appropriate standard nor articulated any grounds for reconsideration of Order ECF No. 143.

Again, the Court reminds Plaintiff that although he is proceeding *pro se*, he must still follow the same rules of procedure as other litigants. *Haines v. Kerner,* 404 U.S. 519, 520, 92

S.Ct. 584 (1972) (holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).  As the Court has already warned Plaintiff multiple times, his actions in filing excessive motions have disrupted the Court's management of its docket and resulted in additional expense in the administration of this case.  Defendants request sanctions as a result of having to respond to this unnecessary Motion pursuant to LR 59-1 and/or 28 U.S.C. § 1927.  The Court declines to issue sanctions based on this Motion, but will consider them if Plaintiff's conduct persists.

      IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (ECF No. 144) is **denied**.

DATED: June 23, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE